said materials for which he had been paid and claimed a lien as of date of first delivery of materials upon job; held: that as against said mortgage, said merchant impliedly waived his right to a mechanic's lien effective from the date of first furnishing of materials, which were paid for as stated. Falls Sav. & Loan Assn. v. Brumit et, OA. 6 Abs. 39.

**787. MORTGAGES.**
See 755. Mechanic's Liens. Falls Sav. & Loan Assn. v. Brumit et, OA. 6 Abs. 39.

**799. MUNICIPALITIES.**
See 1261. Water. and Water Courses. Nagy v. City of Akron, OA. 6 Abs. 35.

**851. NOTICE.**
See 1252. Warehouses. Conte v. Mill & Mine Supply Co., OA. 6 Abs. 30.

**916. PETITION.**
Alleging that lease was reasonably worth $3000 and that by defendant's refusal to execute lease plaintiff has been damages to that extent when proof is offered confirming such allegation. Not effected by subject matter of prayer of petition, general rule being that prayer is not part of allegation. James H. Herron Co. v. Jones, OA. 6 Abs. 37.

**953a. PRIORITY.**
See 755. Mechanic's Liens. Falls Sav. & Loan Assn. v. Brumit et OA. 6 Abs. 39.

**973. PUBLIC UTILITIES COMMISSION.**
Court will not disturb findings of, on questions of fact, unless same are manifestly against weight of evidence. Buckeye Stages, Inc. v. P. U. C., OS. 6 Abs. 46.

Court will not disturb findings of, where record shows order, in denying application, was not unreasonable or unlawful. Salisbury Trans. Co. v. P. U. C., OS. 6 Abs. 44.

**1063. SALES.**
See 1252. Warehouses. Conte v. Mill & Mine Supply Co., OA. 6 Abs. 30.

**1235. VERDICT.**
Verdict of $800, as damages for malicious prosecution, though seemingly excessive, cannot be reversed, where there was nothing in record indicating that verdict was rendered by jury by reason of passion or prejudice. Dunham v. Mulby, OA. 6 Abs. 31.

**1247. WAIVER.**
See 755. Mechanic's Liens. Falls Sav. & Loan Assn. v. Brumit et, OA. 6 Abs. 39.

**1252. WAREHOUSES.**
1. Where warehouse receipts required notice of sale storage company did not comply with receipt by mailing of property stored to be sent to address named therein, notice to owner at different address before selling property at. auction.

2. Warehouse receipt, not filled out or executed cannot be assumed to be intended as binding with respect to notice or waiver of requirements of 8489 GC., provisions of which will govern rights of parties. Conte v. Mill & Mine Supply Co., OA. 6 Abs. 30.

**1261. WATER AND WATER COURSES.**
A municipality may not collect surface water into a main storm sewer and empty it into water course which does not enter, pass through or border on corporate limits of such municipality, even though such water course naturally drains area within such municipality from which surface water is collected, without liability for damage to land along such water course, caused by overflow of water from such water course by reason of

(Continued on Page 36)

## EPITOMIZED OPINIONS
### Published only in the Abstract

### NAGY v. CITY OF AKRON.
Ohio Appeals, 9th Dist., Summit Co.
No. 1296½. Decided Dec. 23, 1927.
**First Publication of this Opinion.**

Syllabus by the Court.

**1261. WATER AND WATER COURSES—799. Municipalities**—A municipality may not collect surface water into a main storm water sewer and empty it into a water course which does not enter, pass through or border on the corporate limits of such municipality, even though such water course naturally drains the area within such municipality from which the surface water is collected, without liability for damage to land along such water course, caused by the overflow of water from such water course by reason of the increased amount and accelerated flow of the water from such sewer.

Error to Common Pleas.
Judgment reversed.
Lahrmer & Handle, Akron, for Nagy.
Wm. H. Knowlton, Dir. of Law and F. E. Renkert, Asst. Dir. of Law, Akron, for City of Akron.

STATEMENT OF FACTS.

Plaintiff in error commenced his action, in the Common Pleas, against the City of Akron, to recover damages on two causes of action; first, for alleged damages resulting from the emptying of a sanitary sewer into a county ditch running through the north side of his land; and second, for damages to his crops for three successive years, caused by water overflowing his land, alleged to be the result of the city emptying a storm sewer into a county ditch which passed through the central part of his land.

After the jury had been impaneled, statements of counsel made, and the first witness called and testified in part, a question arose concerning the admission of evidence which involved the construction of what the petition alleged concerning the area drained and the quantity of water coming into said ditch through said storm sewer. At this time counsel for plaintiff stated in open court that it was not claimed that the city had enlarged the drainage area that emptied into said county ditch through said storm water sewer, but did claim that the sewer brought more water than would have come under natural circumstances; that it came much faster and quicker than it naturally would have come and thereby overflowed the county ditch and destroyed plaintiff's crops, which the water did not do prior to the construction of said sewer.

(Continued on Page 37)

## PUBLISHER'S COLUMN

# The Ohio Law Abstract

Entered as second class matter, February 28, 1923,
at the Post Office, Cleveland, Ohio
under the Act of March 3, 1879.

Issued Every Saturday          50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

Weekly Edition, One Year (50 issues) Payable in
Advance ........................................ $15.00

Discount for advance payment $3.00, making the
net price ...................................... 12.00

Including Quarterly Digest, to paid subscribers,
no extra charge.

Including Binding of Weekly Parts at end of year,
if paid in advance, net........................ 13.50

Including One Annual Digest, at end of year, and
binding of weekly parts, paid in advance, net.. 16.00

Including Cinque Digest and Year's Subscription..$18.00

Single Numbers .................................  .35

Receiving Abstract after expiration date, considered as
authorized continuation of subscription.

### THE LAW ABSTRACT COMPANY

Office, Editorial Rooms and Library, 13916 Euclid Ave.
Cleveland, O.

### STAFF

Sam H. Torrey.....................Circulation Manager
Jay F. Laning.........................Business Director
Sheldon R. Laning...................Editorial Director

### EDITORIAL.

We again call the attention of our readers to the mid-winter meeting of the Ohio State Bar Association, to be held at Columbus, Thursday, Friday and Saturday of next week, January 26th to 28th. It will be a big meeting. The program is excellent, and numerous side incidents will add to the interest and pleasure of the occasion. The banquet will be held Friday evening.

The picture on page 47 of this week's paper shows the growth and attainments of the Ohio Law Abstract, as to size and looks. In its five years' existence, it has become a great compendium of compact Ohio case law, as measured by the praise it is receiving, from those who ought to know—its subscribers who have been following its career. Its progressive policy and growth will continue. Its many subscribers who have renewed for 1928, and its new 1928 subscribers and renewers will be the beneficiary of a still greater and better publication than it has been heretofore.

The Abstract method of court reporting is, to present each opinion in the shortest form consistent with accuracy, clearness and completeness, given in the smallest practicable space, and shorn of all nonessential words. It thus presents the case so that the reader may ascertain, without waste of time or labor, the whole law as to every holding, as it was declared by the court delivering the opinion. The shorter ones are quoted in full, and, in the longer ones, the language used by the court in its holding as to the law is copied verbatim. The opinion thus becomes authority in every court where it may be cited. By separating the statements of fact, and other descriptive matter, arguments and quotations, from the holding of the court, and by epitomizing the former only, the opinion is not only clarified, and made better law, but any reader may ascertain, at a glance the entire law of the case, and most effectually use and keep it in remembrance.

(Continued from Page 35)

increased amount and accelerated flow of water from such sewer. Nagy v. City of Akron, OA. 6 Abs. 35.

**1265. WEIGHT OF EVIDENCE.**

See 677. Judgments and Decrees. Commonwealth Cas. Co. v. Spohn, OA. 6 Abs. 28.

**1271. WILLS AND LEGACIES.**

1. Under will, bequeathing to wife all husband's property for life, or as long as she remains unmarried, wife takes no actionable interest in unpaid note payable to husband.

2. Language in will must be given its plain, ordinary meaning.

3. Under will bequeathing all husband's property to wife for life, or as long as she remains unmarried, wife takes only life estate in unpaid note payable to husband. Fowler v. Smith, OA. 6 Abs. 31.

**1277. WORDS AND PHRASES.**

Terms "construction" and "interpretation" denote, or at least imply, uncertainty of meaning and when meaning is clear and unambiguous, no need of any attempt at or room for construction. Cohn-Hall-Marx Co. v. Vanosdall et, OA. 6 Abs. 28.

**1283. WORKMEN'S COMPENSATION.**

1. Rights of injured employes and dependents of killed employes, to participate in state insurance fund limited to those conferred by statute.

2. Statutes in force, at time cause of action accrues, are measure of such participation.

3. Cause of action of injured employe accrues at time of injury and of dependents of killed employe at time of death of employe. Indust. Comm. v. Kamrath, OS. 6 Abs. 46.

Where injured employe of employer of more than five persons, who is not a self insurer nor subscriber to the State Insurance Fund, receives allowance from Industrial Commission, such allowance must be paid out of reserve fund regardless of whether or not amount can be collected from employer. State ex Davis v. Indust. Comm., OS. 6 Abs. 43.

(Continued from Page 35)

Thereupon counsel for the city demurred to the alleged second cause of action in the petition, on the ground that it did not state a cause of action, and asked the court to refuse to hear any further evidence on the second cause of action, it being the contention of counsel for the city that as long as the drainage area was not increased, the fact that the flow of water was increased and the volume increased due to improvement, it is not liable for the damage caused to Mr. Nagy.

The court sustained this demurrer. Plaintiff not wishing to plead further, judgment was rendered in favor of the city on the demurrer to the second cause of action.

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

FUNK, J.

The case is here on petition in error claiming that the court erred in sustaining the demurrer to the second cause of action.

The question presented is whether or not a municipality may collect its surface water into a trunk line sewer and empty it into a natural water course on the lower lands of another outside its corporate limits, which water course naturally drains the higher land of the municipality but does not extend into, through or border on it, without regard to the capacity of the water course, as long as the draining area is not increased; it being conceded, so far as this record is concerned, that the nearest point of the Roush lateral to the corporate limits of said city is about 1,000 feet.

The rule is well established in Ohio that the owner of land cannot, by artificial means, divert the natural flow of the surface water off his land, nor can he, by any embankment or otherwise, divert the natural flow of the surface water off the higher land in a manner different from its natural flow onto his land, without liability therefor. Butler v. Peck, 16 OS. 334; Tootle v. Clifton, 22 OS. 247.

Where a water course or well-defined channel or natural depression exists on the land of the upper proprietor, he may collect the surface water on his land into sewers or drains and discharge it, without liability, into such water course or natural channel or depression on his own land; but if there is no such water course or natural channel or depression on his land, he cannot so collect the surface water or divert its natural flow onto the land of the lower owner. 27 R. C. L. pg. 1151, sec. 79 et seq.

The case of Mason v. Commissioners, 80 OS. 151, is cited by counsel on both sides in support of their respective positions. It will be observed that this syllabus limits the right to drain surface water to "in the reasonable use of his land, * * * into its natural outlet, a water course, upon his own land."

It being clear that an individual cannot, by artificial means, divert surface water, either from coming on or going off his land, from the natural flow thereof, is the rule any different as to a municipality, as between it and the owner of land located outside such municipality?

We are therefore unanimously of the opinion that the court erred in sustaining the demurrer to the second cause of action.

(Washburn, PJ. and Pardee, J., concur.)